IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

GEORGE M. KARL, *et al.*,

        Plaintiffs,

    vs.                           Civil Action 2:09-CV-34
                                        Judge Sargus
                                        Magistrate Judge King

GORDON BIZAR, *et al.*,

        Defendants.

## OPINION AND ORDER

This matter is before the Court on *Plaintiffs' Motion for Protective Order*, Doc. No. 26, and *Defendants Gordon Bizar and Global Aggregation Corporation's Motion to Compel Discovery and Memorandum in Opposition to Plaintiffs' Motion for Protective Order*, Doc. No. 29 ("*Defendants' Motion to Compel*"). For the reasons set forth below, *Plaintiffs' Motion for Protective Order* is **DENIED** and *Defendants' Motion to Compel* is **GRANTED.**

## I.    BACKGROUND

Plaintiff Tartan Fields Golf Club, Ltd. ("Tartan"), a limited liability corporation with its principal place of business in Union County, Ohio, is allegedly one of Central Ohio's premier golf and country clubs. *Amended Complaint*, ¶¶ 3-4, 14, Doc. No. 5 ("*Am. Compl.*"). Plaintiffs George M. Karl and Bret A. Adams own a controlling membership interest in Tartan. *Id.* at ¶¶ 1-2, 13. Plaintiffs Karl and Adams also own membership interests in Tartan Development Company, LLC ("Corazon"), which allegedly does business as Corazon Club and Spa and is an entity separate from Tartan. *Id.* at ¶¶ 17-18.

Plaintiffs allege that defendants obtained email addresses of Corazon investors and/or club members, some of whom were also investors and members of Tartan. *Id.* at ¶¶ 22-23. On approximately December 3, 2008, defendants allegedly transmitted an email to these individuals that purportedly contained false statements regarding plaintiffs. *Id.* at ¶¶ 24-30; Exhibit B, attached thereto. Plaintiffs allege that these false statements interfered with business relationships between plaintiffs, investors and members of Tartan and that defendants transmitted this false information with the intent to benefit and profit from the interference. *Am. Compl.* ¶¶ 31-32.

Plaintiffs further allege that defendants' false statements also interfered with a management agreement between Tartan and Driving Force Golf Management, Ltd. (respectively, "management agreement" and "DFGM"). *Id.* at ¶¶ 33-35; Exhibit C, attached to *Am. Compl.* According to plaintiffs, defendants' false statements, and resulting interference, damaged plaintiffs. *Am. Compl.* ¶¶ 36-39.

On December 17, 2008, plaintiffs filed the original complaint in the Court of Common Pleas for Franklin County, Ohio. *Notice of Removal*, Doc. No. 2; *Complaint*, Doc. No. 3. On January 8, 2009, plaintiffs filed the *Amended Complaint*, alleging that defendants tortiously interfered with plaintiffs' business relations and contract and defamed plaintiffs. *Notice of Removal*; *Am. Compl.*

On January 13, 2009, defendants removed the action to this Court on the basis of diversity jurisdiction. *Notice of Removal*. Defendants subsequently filed a counterclaim for abuse of process, alleging that plaintiffs initiated this action "with the improper purpose to discourage Global Aggregation from pursuing the purchase of

Corazon." *Counterclaim*, Doc. No. 8, ¶ 17.

Plaintiffs moved to remand this action. Doc. No. 10. On March 4, 2009, defendants served interrogatories and requests for the production of documents on the three plaintiffs. Exhibits A, B, and C, attached to *Plaintiffs' Motion for Protective Order*. During the preliminary pretrial conference, the Court ordered that discovery proceed during the pendency of the motion to remand.[1] *Preliminary Pretrial Order*, Doc. No. 21.

Thereafter, a discovery dispute arose and the current discovery motions were filed. The parties' discovery motions are fully briefed and ripe for resolution.

## II. STANDARD

### A. Motion for Protective Order

Rule 26 of the Federal Rules of Civil Procedure provides that a person resisting discovery may move the court, for good cause shown, to issue an order protecting the person or party from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Accordingly, "an overly broad request for discovery which constitutes no more than a fishing expedition will not be allowed." *Isaac v. Shell Oil Co.*, 83 F.R.D. 428, 431 (E.D. Mich. 1979) ("Where a plaintiff has shown not even reasonable grounds to support his allegations of liability, and where the discovery costs faced by the defendant are substantial, justice requires that a protective order be granted."). Under Rule 26, a court may limit the scope of the disclosure or discovery to certain matters. Fed. R. Civ.

---

[1]The Court subsequently denied plaintiffs' motion to remand. *Report and Recommendation*, Doc. No. 37; *Order*, Doc. No. 38.

P. 26(c)(1)(D). The grant or denial of motions for protective orders falls within the "broad discretion of the district court managing the case." *Century Prod., Inc. v. Sutter*, 837 F.2d 247, 250 (6th Cir. 1988).

The party seeking a protective order must certify that it "has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Fed. R. Civ. P. 26(c)(1). *See also* S.D. Ohio Civ. R. 37.2. This prerequisite has been met. *See* Exhibit E, attached to *Plaintiffs' Motion for Protective Order*.

### B. Motion to Compel

Determining the proper scope of discovery falls within the broad discretion of the trial court. *Lewis v. ACB Business Services, Inc.*, 135 F.3d 389, 402 (6th Cir. 1998). Rule 37 of the Federal Rules of Civil Procedure authorizes a motion to compel discovery when a party fails to provide proper response to interrogatories under Rule 33 or requests for production of documents under Rule 34. Rule 37(a) expressly provides that "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).

Discovery may relate to any matter that can be inquired into under Rule 26(b). Fed. R. Civ. P. 33, 34. Rule 26(b)(1) authorizes discovery regarding any non-privileged matter relevant to the subject matter of the pending action. Fed. R. Civ. P. 26(b)(1). *See also Miller v. Federal Express Corp.*, 186 F.R.D. 376, 383 (W.D. Tenn. 1999) ("Relevancy for discovery purposes is extremely broad."). The information sought need not be admissible at trial so long as it

4

appears reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). These discovery provisions are to be liberally construed. *Schlagenhauf v. Holder*, 379 U.S. 104, 114 (1964); *Dunn v. Midwestern Indem.*, 88 F.R.D. 191, 195 (S.D. Ohio 1980).

"Although a plaintiff should not be denied access to information necessary to establish her claim, neither may a plaintiff be permitted 'to go fishing and a trial court retains discretion to determine that a discovery request is too broad and oppressive.'" *Surles v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007) (quoting *Marshall v. Westinghouse Elec. Corp.*, 576 F.2d 588, 592 (5th Cir. 1978)). "The proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant." *Martin v. Select Portfolio Serving Holding Corp.*, No. 1:05-cv-273, 2006 U.S. Dist. LEXIS 68779, at *2 (S.D. Ohio Sept. 25, 2006) (citing *Alexander v. Fed. Bureau of Investigation*, 186 F.R.D. 154, 159 (D.D.C. 1999)).

The party moving to compel discovery responses must certify that it "has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Fed. R. Civ. P. 37(a)(1). *See also* S.D. Ohio Civ. R. 37.2. Plaintiffs contend that *Defendants' Motion to Compel* should be denied, *inter alia*, because defendants failed to attach the required certification. Doc. No. 30, p. 3. Although the Court agrees that defendants did not technically comply with this requirement, it is apparent that the parties have reached impasse. To refuse to consider the *Defendants' Motion to Compel* and to require that the motion be re-

filed with the required certification would exalt form to an
unwarranted degree and would waste the time and resources of the
parties as well as the Court.  Accordingly, the Court will consider
*Defendants' Motion to Compel*.[2]

## III. DISCUSSION

Plaintiffs complain that defendants served fifty (50) document
requests on each plaintiff, for a total of 150 requests for production
of documents.[3]  *Plaintiffs' Motion for Protective Order*.  Plaintiffs
argue generally that these document requests are disproportionate to
the amount in controversy.  *Id*. at 2-4 (citing, *inter alia*,
*Declaration of Bret A. Adams*, attached as Exhibit G ("*Adams Decl*.")).[4]
*See also* Doc. No. 30, p. 4.  Plaintiffs contend that these requests
are designed to harass and embarrass plaintiffs.  *Plaintiffs' Motion
for Protective Order*, p. 4.  Plaintiffs ask this Court to limit
defendants' document requests to no more than ten requests, including
sub-parts, per plaintiff.  *Plaintiffs' Motion for Protective Order*,
pp. 1, 6 (citing, *inter alia*, Fed. R. Civ. P. 26(b)(2)(C)(iii)); Doc.
No. 30, pp. 3-4.

In moving to compel responses, defendants argue that their

---

[2]In considering *Defendants' Motion to Compel*, the Court notes that
defendants seek costs and attorney fees associated with the filing of the
motion.  However, in light of defendants' failure to comply strictly with the
rules governing discovery, the Court will deny this request.

[3]Plaintiffs apparently do not seek a protective order as to defendants'
interrogatories.  *See*, *e.g.*, *Plaintiffs' Motion for Protective Order*, p. 1.

[4]Plaintiffs' arguments addressing this Court's jurisdiction are, with
the resolution of their motion to remand, now moot.  *Plaintiffs' Motion for
Protective Order*, p. 2; *Report and Recommendation*, Doc. No. 37; *Order*, Doc.
No. 38.

document requests, served on each plaintiff,[5] are entirely proper

because three separate plaintiffs have advanced individual claims.

*Defendants' Motion to Compel*, pp. 3-4 (citing *Am. Compl.*).  Noting

that plaintiffs have answered none of the discovery requests,

defendants further contend that, with the exception of one document

request, plaintiffs do not explain why the document requests are

burdensome.  *Id*. at 4-5.  Defendants argue that their document

requests are relevant to the disputed issues and claims in this case.

*Id*. at 6-14.

The Court concludes that plaintiffs' assertion of a blanket

objection[6] based on burden as to all of defendants' document requests

was wholly improper.  Plaintiffs argue primarily that the number of

document requests is disproportionate to the amount in controversy;

however, as the Court reasoned in denying plaintiffs' motion to

remand, the jurisdictional amount in controversy has been satisfied in

this case.  *See* Doc. Nos. 37 and 38.  In addition, the Court notes

that plaintiffs' argument is based on an overly narrow reading of Fed.

R. Civ. P. 26(b)(2)(C)(iii).  This rule requires that the Court

consider several factors when limiting discovery: the proposed

discovery's "likely benefit, considering the needs of the case, the

amount in controversy, the parties' resources, the importance of the

---

[5]The requests sent to each plaintiff are identical.  *See* Exhibits A, B
and C, attached to *Plaintiffs' Motion for Protective Order; Motion to Compel*,
pp. 3-4.

[6]Plaintiffs raise a specific objection to only one document request.
*Plaintiffs' Motion for Protective Order*, p. 5 (complaining that a request for
publications related to Plaintiff George M. Karl is not relevant and "would
take a full-time staffer at the Library of Congress a week to comply with this
ridiculous request").

issues at stake in the action, *and* the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C)(iii).

After considering the factors in Fed. R. Civ. P. 26(b)(2), the Court finds that *Plaintiffs' Motion for Protective Order* is without merit and that plaintiffs must respond to defendants' document requests and interrogatories.[7] Accordingly, plaintiffs must make individualized response to each discovery request propounded to them. Should they have a good faith, factually and legally applicable objection to a particular request, they remain free to assert that objection. However, blanket objections to all document requests and a complete refusal to answer interrogatories will not be tolerated by this Court.

**WHEREUPON**, *Plaintiffs' Motion for Protective Order*, Doc. No. 26, is **DENIED** and *Defendants Gordon Bizar and Global Aggregation Corporation's Motion to Compel Discovery and Memorandum in Opposition to Plaintiffs' Motion for Protective Order*, Doc. No. 29, is **GRANTED** consistent with the foregoing. Plaintiffs are **ORDERED** to respond individually to each one of defendants' discovery requests within ten (10) days of the date of this *Opinion and Order*.

October 19, 2009          *s/Norah McCann King*
                                        Norah McCann King
                            United States Magistrate Judge

---

[7]As discussed *supra*, plaintiffs' allegations of burden and the disproportionate nature of the discovery requests are limited to the document requests. Plaintiffs offer no justification for their wholesale failure to answer any of defendants' interrogatories. Indeed, there is no allegation, or evidence, that defendants exceeded the permissible number of interrogatories. Fed. R. Civ. P. 33(a)(1).